IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Crim. No. ABA-23-0154** |
| | * | |
| **JERMAINE PORTER** | * | |
| * * * | | |

### DEFENDANT JERMAINE PORTER'S SUPPLEMENTAL MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT'S USE AT TRIAL OF CERTAIN TESTIMONY REGARDING MR. PORTER'S MOVEMENTS IN A VEHICLE BEFORE A CAR STOP ON MARCH 5, 2023

Defendant Jermaine Porter, by and through undersigned counsel, David Walsh-Little, respectfully moves to preclude the Government from introducing certain testimony from Officer Jorge Bernandez-Ruiz concerning whether the expected witness observed Mr. Porter "dipping down" or "lowering his shoulder(s)" while the car that Mr. Porter was traveling in was being pursued by the Baltimore City Police Department on March 5, 2023, as such testimony creates a false impression of a material fact. The officer couldn't have seen such movements through the tinted back window of the vehicle Mr. Porter was riding in at the time. Additionally, a wheelchair that was in the back seat of the vehicle would necessarily have blocked the officer's view of Mr. Porter during the described observations. Such testimony is also too prejudicial to admit into evidence pursuant to Federal Rule of Evidence 403. Mr. Porter supplements his previously filed motion (ECF No. 143) to add screen shots of Officer Ruiz's body camera footage as exhibits.

### PROCEDURAL HISTORY

On or about April 27, 2023, Jermaine Porter was charged by indictment with one count of possessing a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g).

ECF No. 1. An initial appearance and arraignment were conducted on May 15, 2023. ECF No. 6. Mr. Porter was released on certain conditions on May 24, 2023. ECF No. 19. Undersigned counsel was appointed to represent Mr. Porter on May 28, 2024. ECF No. 42. A jury trial commenced on January 13, 2025. The impaneled jury could not reach a unanimous decision and a mistrial was declared on January 15, 2025. Mr. Porter's release status was revoked on May 28, 2025. ECF No. 140. Trial is presently scheduled to begin on September 15, 2025.

**FACTUAL SUMMARY**

On March 5, 2023, Jermaine Porter was riding as a front passenger in a 2007 Honda Odyssey traveling southbound on Loch Raven Boulevard. The vehicle was being driven by one Deontae Cooper. The Odyssey was pulled over by a police vehicle driven by Officer Reynardo Gomez. Sergeant Jorge Bernardo-Ruiz was riding as a front passenger of the police vehicle.

At the prior trial, Sergeant Ruiz testified that while following the Odyssey, and before the van was pulled over, Sergeant Ruiz observed Mr. Porter "dipping down" and that he "dipped down about twice" and lowered "his shoulders as if he was hiding something." *Ex. 1, at 6.* On cross-examination, Sergeant Ruiz could not recall which shoulder was the one he saw dip down. *Id. at 28.*

Sergeant Ruiz was wearing an activated body camera during the police stop. Upon exiting his vehicle, his body camera provides a clear and direct view of the back window of the Odyssey van. *Ex. 2, Screen Shot of Sergeant Ruiz's Body Camera Footage at 1:06.* The back window is sufficiently tinted that you cannot see into the Honda Odyssey from the police vehicle. Additionally, after the traffic stop has been effectuated, Sergeant Ruiz's body camera

captures Officer Gomez remove a wheelchair from the backseat of the van, directly behind where Mr. Porter was sitting. *Ex. 3, Screen Shot of Sergeant Ruiz's Body Camera Footage at 09:38.* Sergeant Ruiz's prior testimony is directly impeached by the placement of the wheelchair in the car and the dark tint on the back window of the van, making his testimony concerning " a dipping shoulder" without any basis.

## LEGAL STANDARD

In *Hamric v. Bailey*, 386 F.2d 390 (4th Cir. 1967), the Fourth Circuit affirmed the trial court's finding that the defendant's right to a fair trial was violated when the prosecutor elicited eyewitness testimony that was completely impeached by objectively provable evidence, specifically a laboratory examination. The forensic testing established that the testimony offered by the witness could not be true. The holding relied on the Supreme Court's decision in *Miller v. Pate*, 386 U.S. 1 (1967) which precluded the use of evidence which "creates a false impression of a material fact." *Hamric*, 386 F.2d at 394. *Hamric* has been cited in more recent cases by the Fourth Circuit Court of Appeals. *See Burr v. Jackson*, 19 F.4th 395, 410 (4th Cir. 2021) and *In Re Stevens*, 956 F.3d 229, 235 (4th Cir. 2022) (Concurring Opinion).

The Court must also exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Evidence is unfairly prejudicial when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *PBM Products LLC v. Mead Johnson and Co.*, 639 F.2d 111, 124 (4th Cir. 2011) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)); *see also, e.g., United States v. Lentz*, 58 F. App'x

961, 965 (4th Cir.) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (quoting Fed. R. Evid. 403 adv. comm. note).

## ARGUMENT

The Court has the critical role of gatekeeper for any evidence presented at trial pursuant the Federal Rules of Evidence and additionally has a duty to ensure that the evidence considered by the jury does not create a false impression of the facts elicited by the parties. The previous testimony offered by Sergeant Ruiz concerning his observations of Mr. Porter during the police pursuit are not reasonable given what the officer's own body camera captured during the traffic stop. The described movement of Mr. Porter "dipping down" is blocked by both a wheelchair and the back of the front passenger seat of the van. Additionally, the occupants of the vehicle cannot be seen at all through the tinted back window of the van.

This is not an argument, or a factual dispute between the parties that the jury is tasked with resolving. When Officer Ruiz exits the police vehicle, a direct line of vision to the back of the van is captured on the body camera footage. A person simply can not see the occupants inside the vehicle through the back window much less any movements by those persons. As such it would be extremely prejudicial pursuant to Fed. R. Evid. 403 to allow the testimony challenged here and allowing such testimony would mislead the jury.

## CONCLUSION

For the foregoing reasons, Jermaine Porter seeks to preclude from use at trial any observations of Sergeant Ruiz that Jermaine Porter was "dipping down" or other similar observations allegedly made during the police pursuit, and any other and further relief that justice demands.

Respectfully submitted

_____/s\_\_\_\_\_
DAVID WALSH-LITTLE, #23586
The Law Office of David Walsh-Little, LLC
1014 West 36th Street
Baltimore, Md 21211
Tel: 1.410.205.9337
Fax: 1.667.401.2414
Email: david@walshlittlelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via CM/ECF.

_____/s/_____
DAVID WALSH-LITTLE, #23586

5